IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ESTELAN CONCEPCION JACOME    :
DE ESPINA, As Personal
Representative of the Estate :
of Manuel DeJesus Espina, et al.:

   v.    :    Civil Action No. DKC 15-2059

                             :

OFFICER STEVEN JACKSON, et al.
                             :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is Plaintiffs' motion to remand. (ECF No. 14). A hearing was held this morning, and, for the reasons stated at that time, supplemented by this opinion, Plaintiffs' motion will be granted.

**I.   Background**

This case arises from the fatal shooting of Manuel Espina by Prince George's County police officer Steven Jackson on August 16, 2008. Plaintiffs' initial complaints in state court asserted only state law claims, including a pattern-or-practice claim against Prince George's County, Maryland (the "County"). Prior to trial, the County sought and obtained bifurcation of the pattern-or-practice claim. The pattern-or-practice claim ("Phase Two") would proceed after the court had adjudicated the claims against Officer Jackson ("Phase One"), and discovery was deferred until after trial in Phase One. (*See* ECF Nos. 19-17;

22-4; 22-5; Dkt. Nos. 37; 84; 85). A jury tried the Phase One tort case in March 2011 in the Circuit Court for Prince George's County, Maryland. The trial resulted in a verdict in favor of Plaintiffs and against the County and Officer Jackson, jointly and severally, in the amount of $11.5 million.

Post-trial motions and appeals to the Maryland Court of Special Appeals and the Maryland Court of Appeals followed, resulting in the affirmance of the judgment against Officer Jackson, but a reduction of the judgment against the County due to the application of Maryland's cap on damages against a local government. *See Espina v. Prince George's County*, 215 Md.App. 611 (2013); *Espina v. Jackson*, 442 Md. 311 (2015).

When the time to consider Phase Two arrived, Plaintiffs filed a fifth amended complaint in state court on June 17, 2015, without first seeking leave of court. (ECF No. 2; Dkt. No. 428). For the first time, they asserted a federal claim under 42 U.S.C. § 1983 against the County, asserting liability under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). The County filed a motion to strike the fifth amended complaint on July 2, 2015 (ECF No. 35-36; Dkt. No. 430) and removed the case to this court on July 14, 2015 (ECF No. 1).

Plaintiffs filed a motion to remand on August 13, 2015 (ECF No. 14), and the County responded in opposition (ECF No. 38).

**II. Propriety of Removal**

   **A.   Standard of Review**

When a plaintiff challenges the propriety of removal, the defendant bears the burden of proving proper removal. *See Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815 (4th Cir. 2004); *Greer v. Crown Title Corp.*, 216 F.Supp.2d 519, 521 (D.Md. 2002) (citing *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). In considering a motion to remand, the court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Richardson v. Philip Morris Inc.*, 950 F.Supp. 700, 702 (D.Md. 1997) (internal quotation marks omitted); *see Barbour v. Int'l Union*, 640 F.3d 599, 605 (4th Cir. 2011). This standard reflects the reluctance of federal courts "to interfere with matters properly before a state court." *Richardson*, 950 F.Supp. at 701. That is, "[w]hile a district court should be cautious in denying defendants access to a federal forum because remand orders are generally unreviewable, it is also true that removal jurisdiction raises significant federalism concerns." *Momin v.*

3

*Maggiemoo's Int'l, LLC*, 205 F.Supp.2d 506, 508 (D.Md. 2002) (citations and internal quotation marks omitted).

    **B. Entire Action Removed**

The operative pleading for purposes of the County's notice of removal is the amended complaint at the time of removal. *See McCoy v. Norfolk S. Ry. Co.*, 858 F.Supp.2d 639, 642 (S.D.W.Va. 2012); *Momin*, 205 F.Supp.2d at 508 (citation omitted) ("[A] court must consider the claims in the state court petition as they existed at the time of removal."). Accordingly, Plaintiffs' fifth amended complaint (filed without leave of court on June 17, 2015, and the subject of the County's motion to strike) (ECF No. 2) is the operative complaint.

The parties dispute what proceedings have been removed and how bifurcation of the state trial affects removal under §§ 1441 and 1446. The first question is whether bifurcation in state court renders Officer Jackson a non-party at this stage and/or whether the garnishment actions affect his status on removal to federal court. Here, the state action was bifurcated into two phases. Phase One contained Plaintiffs' tort claims and claims under the Maryland Constitution that resulted in a judgment against Officer Jackson and the County, some of which is currently being enforced by the garnishment actions. The County

notes that "the only unadjudicated claims are those in" Count XIV (the *Longtin* claim) and Count XV (the *Monell* claim).  (ECF No. 1 ¶ 4).   The County now seeks to remove these Phase Two claims, but also asserts that "no further proceedings may be had in the Circuit Court for Prince George's County."  (*Id.* ¶ 8). Plaintiffs argue that the County "appears to have attempted to remove the ongoing collection proceedings against [Officer] Jackson along with the pending Phase [Two] claims. . . .  If the collection proceedings are severable from the Phase [Two] claims, the collection proceedings should be remanded."  (ECF No. 14, at 1).  As will be seen, it is unnecessary to address that argument directly.

The removal statute states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Removal concerns the entire action, "not merely those aspects involving discrete federal claims or parties."  *Arango v. Guzman Travel Advisors Corp.*, 621 F.2d 1371, 1376 (5th Cir. 1980).  "[I]t is *the action* — embracing all defendants — that is to be transferred to

federal court." *Id.* at 1375 (emphasis in original). Here, bifurcation permitted the court to try separately the claims against Officer Jackson and the County, as contemplated by Md.Rule 2-503(b). But "'[s]everance for litigation' is not the same as severance into independent separate actions sufficient to trigger the right to remove." *Wittstadt v. Reyes*, No. DKC-15-1263, 2015 WL 4232379, at *3 (D.Md. July 13, 2015). In sum:

> [T]here is only one case with a single caption and case number. . . . The manner in which the state court chooses to administer the lawsuit or divide the claims for separate trials or other adjudicative treatment cannot turn one lawsuit into two for the purpose of the removal statute and the review of jurisdiction that must occur in every federal civil action.

*Concerned Citizens of Caro v. Michigan Ethanol, LLC*, 396 F.Supp.2d 814, 818 (E.D.Mich. 2005) (remanding to state court because removal requires the unanimous consent of all defendants); *see also Mullins v. Burke*, No. 7:10-144-KKC, 2011 WL 864496, at *2 (E.D.Ky. Mar. 9, 2011) (granting the plaintiffs' motion to remand because bifurcation at state court did not sever claims into separate cases). These cases stand for the proposition that bifurcated proceedings cannot be separated and removed, but must remain together as part of one action.

The County argues that the judgment against Officer Jackson is final and that he is not involved in the remaining claims. This argument ignores that his rights are very much affected by the remaining claims, frankly in a manner that is directly adverse to the County. If the County is found liable, there is the real possibility that it will be responsible for more of the damages, jointly with him, than it currently is. Officer Jackson has a right to be considered a party, to be represented by counsel, to receive notice of proceedings, and, as discussed at the hearing, possibly to be present at and participate in trial, particularly if the federal claim is allowed to proceed.

Furthermore, the ongoing garnishment proceedings provide additional force for the notion that Officer Jackson remains an active party in this action. Much of the available case law concerns attempts to remove a garnishment proceeding to federal court as an independent action, not whether a pending garnishment action is removable to federal court alongside the residual bifurcated component or whether pending garnishment proceedings keep a party active.[1]

---

[1] "'[T]he [removal] statute does not define the term 'civil action' . . . [,]'" *Levert-St. John, Inc. v. Hartford Steam Boiler Inspection & Ins. Co.*, No. 06-1023, 2006 WL 1875494, at *1 (W.D.La. July 3, 2006), but federal courts have broadly

The determination of the Maryland Court of Special Appeals that "garnishment proceedings are separate cases, even though filed in the underlying action," *Mayor & City Council of Baltimore v. Utica Mut. Ins. Co.*, 145 Md.App. 256, 277 (2002), is not binding on federal courts in removal actions. In examining whether garnishment proceedings against separate insurers fall squarely within the confines of the underlying action, the Maryland court concluded that garnishment actions are separate cases "because each garnishment initiated against a

---

construed the term, *see* 14B C. Wright, A. Miller, E. Cooper, R. Freer, J. Stainman, C. Struve, & V. Amark, Federal Practice & Procedure Jurisdiction § 3721, at 28 (4th ed. 2009 & Supp. 2010)." *Mach v. Triple D Supply, LLC*, 773 F.Supp.2d 1018, 1024 (D.N.M. 2011).
    Many cases address garnishment actions, initiated after *all* other proceedings concluded, that were properly removed on the ground of diversity jurisdiction. These cases examine whether garnishment actions are merely supplemental proceedings and therefore not subject to removal apart from the underlying action. *See Richmond v. Allstate Ins. Co.*, 624 F.Supp. 235, 236 (E.D.Pa. 1985) (citation omitted) ("A suit which is merely ancillary or supplemental to another action cannot be removed from a state court to a federal court."); *W. Med. Props. Corp. v. Denver Opportunity, Inc.*, 482 F.Supp. 1205, 1207 (D.Colo. 1980) (citations omitted) ("It is a well settled rule that a suit which is merely ancillary or supplemental to another action cannot be removed from a state court to a federal court."). In the diversity context, at least, garnishment proceedings can be "original and independent actions between the holders of the judgments and the insurer. . . . And, being original and independent actions of that kind with diversity of citizenship and the requisite sum in controversy, they [are] open to removal." *Adriaenssens v. Allstate Ins. Co.*, 258 F.2d 888, 890 (10th Cir. 1958).

different insurer constitutes a separate and distinct proceeding." *Id.* For purposes of removal, however, state law is not dispositive. *See Harding Hosp. v. Sovchen*, 868 F.Supp. 1074, 1077 (S.D.Ind. 1994). In the cases permitting removal of garnishment proceedings as independent actions separate and distinct from underlying claim, the garnishment proceeding involved adversarial litigation of disputed issues, a new party, and disputes concerning rights and issues not decided by state court. *See id.* at 1078 (citations omitted). Here, those substantial issues do not appear to be present. The garnishment proceeding against Officer Jackson does not involve new questions of liability. Rather, as in *Overman v. Overman*, 412 F.Supp. 411, 412 (E.D.Tenn. 1976), the garnishment proceeding against Officer Jackson is Plaintiffs' "final step in seeking to satisfy the judgment against defendant. It is a supplementary proceeding rather than an independent action."

Under some circumstances, the entire action cannot be removed because the case is over and decided. *See Oviedo v. Hallbauer*, 655 F.3d 419, 422 (5th Cir. 2011) ("Emphasizing the total finality of the state case here, we hold that it cannot [be removed]."). In *Oviedo*, the United States Court of Appeals for the Fifth Circuit concluded that, at the time of removal,

"there was no pending case to remove, inasmuch as nothing remained for the state courts to do but execute the judgment. Removal is simply not possible after a final judgment and the time for direct appellate review has run." *Id.* at 423-24. However, the Fifth Circuit carefully declined to opine "on whether the [defendant] could remove subsequent ancillary enforcement or collection proceedings initiated in the state courts." *Id.* at 424 n.5. In the unusual posture presented here, in which the County obtained bifurcation of one state law claim against it, allowed the judgment against its officer to become final, and only then faces an entirely new federal claim, the officer, particularly in light of pending garnishment actions, must be found to remain a party to this action.

**C.   Rule of Unanimity**

Title 28 U.S.C. § 1446, which outlines the procedures for the removal of civil actions, provides for the "rule of unanimity." Embodied in 28 U.S.C. § 1446(b)(2)(A), the rule of unanimity serves as an important procedural limitation on defendants' right of removal.[2] Section 1446(b)(2)(A) provides:

---

[2] Non-compliance with the rule of unanimity is a waivable "error in the removal process," rather than a defect in subject matter jurisdiction. *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 203 (4th Cir. 2006). While the rule is waivable,

"When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."  Under the rule of unanimity, when more than one defendant is named in the complaint, all of the defendants who have been served "must join in the petition for removal."  *Chicago, R.I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 245 (1900); *Gee v. Lucky Realty Homes, Inc.*, 201 F.Supp.2d 732, 736 (D.Md. 2002).  An exception is made for "nominal or formal" parties, who are ignored when determining the procedural validity of the removal.  *See, e.g., Creed v. Virginia*, 596 F.Supp.2d 930, 934 (E.D.Va. 2009).[3]

---

Plaintiffs did not waive it.  (*See* ECF No. 14).  Rather, they preserved their objection to non-unanimous removal by timely moving to remand on that basis.  *See* 28 U.S.C. § 1447(c) (establishing 30-day time period in which to move to remand on non-jurisdictional grounds).

[3] The party seeking removal has the burden of proving that non-consenting defendants are merely nominal.  *Creed*, 596 F.Supp.2d at 934 (citing *Blue Mako, Inc. v. Minidis*, 472 F.Supp.2d 690, 696 (M.D.N.C. 2007)); *see Johnson v. Nutrex Research, Inc.*, 429 F.Supp.2d 723, 727 (D.Md. 2006); *Egle Nursing Home, Inc. v. Erie Ins. Grp.*, 981 F. Supp. 932, 935 (D.Md. 1997) (granting motion to remand when the removal notice failed to state why all defendants did not join in or consent to removal and noting that "the consent of all defendants to removal is not a mere technicality, but an important part of the burden carried by the party seeking removal jurisdiction").

The United States Court of Appeals for the Fourth Circuit recently clarified what constitutes a "nominal party" in *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255 (4th Cir. 2013).[4] *Quintana v. J.P. Morgan Chase Bank, N.A.*, No. DKC-14-1586, 2015 WL 1321436, at *4 (D.Md. Mar. 23, 2015). The Fourth Circuit determined that "[n]ominal means simply a party having no immediately apparent stake in the litigation either prior or subsequent to the act of removal." *Hartford Fire*, 736 F.3d at 260 (noting that a stake in the litigation means a "real or tangible interest in the litigation's outcome"). "[T]he key inquiry is whether the suit can be resolved without affecting the [] nominal defendant in any reasonably foreseeable way." *Id.* "Determining nominal party status is a practical inquiry, focused on the particular facts and circumstances of a case, which district courts can be relied upon to apply with . . . sound judgment." *Id.* at 260-61 (citing *Shaughnessy v. Pedreiro*, 349 U.S. 48, 54 (1955)). In applying this standard, the Fourth Circuit found that the defendant who

---

[4] Other circuits have defined "nominal parties" as those: (1) against which the plaintiff has no possibility of establishing a cause of action in state court; (2) against which "there is no reasonable basis for predicting that it will be held liable"; or (3) "against whom no real relief is sought." *See Creed*, 596 F.Supp.2d at 934-35 (collecting cases).

12

was challenged as being "nominal" was in fact nominal because the plaintiff sought neither monetary judgment nor any non-declaratory injunctive relief against it, and, accordingly, the defendant in no way would be directly affected by the outcome of the case. *Id.* at 261; *see also Alban Waste, LLC v. CSX Transp., Inc.*, 9 F.Supp.3d 618, 619-21 (D.Md. 2014) (concluding that nondiverse defendants were nominal parties because plaintiff was "seek[ing] neither [a] monetary judgment nor any nondeclaratory, injunctive relief against them"). In addition, the court stated that the defendant's nominal status was evident considering that were this defendant "not included in this action, it would have no effect on [the plaintiff's] ability to be made whole by the other [defendants.]" *Hartford Fire*, 736 F.3d at 261.

In its notice of removal, the County simply concludes that Officer Jackson is not a party at this point. (ECF No. 1 ¶ 6). However, the party seeking removal has the burden of proving that non-consenting defendants are merely nominal. *Creed*, 596 F.Supp.2d at 934. And "the key inquiry is whether the suit can be resolved without affecting the non-consenting nominal defendant in any reasonably foreseeable way." *Hartford Fire*, 736 F.3d at 260. "Examples of situations reflecting nominal parties 'include one where the party was not involved in the

13

activities charged in the complaint, [the party] ha[s] already settled with the plaintiff, [the party] ha[s] only been named as [a] John Doe defendant[], or where there is no basis for imputing liability.'" *Wayne J. Griffin Elec., Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 1:13CV882, 2014 WL 842983, at *2 (M.D.N.C. Mar. 4, 2014) (citing *Blue Mako*, 472 F.Supp.2d at 696). Importantly, "[n]ominal means simply a party having no immediately apparent stake in the litigation either prior or subsequent to the act of removal." *Hartford Fire*, 736 F.3d at 260. Officer Jackson is not merely a nominal party because he very clearly had and has a stake in the litigation prior and subsequent to the act of removal, as he was found liable in the Phase One trial and is now subject to garnishment proceedings.

In its notice of removal, the County stated that:

> none of the other Defendants are parties at this point, with the possible exception of Officer Steven Jackson. All of Plaintiffs' claims against him have already been adjudicated, but the judgment against him, which is not subject to the LGTCA cap, has not been paid. [The] County does not believe that he is a party at this point for purposes of his consent being required for removal, but in the event his consent is required, he has and hereby does consent by undersigned counsel to removal.

14

(ECF No. 1 ¶ 6).  In addition, the County noted that, concurrent with the filing of the notice of removal, "no further proceedings may be had in the Circuit Court for Prince George's County." (*Id.* ¶ 8).

Although the County's privately-retained counsel represented Officer Jackson at trial and on appeal, Plaintiffs contend that he has since retained new counsel. (ECF No. 14, at 4).  In support of their contention, Plaintiffs point to three documents: (1) a "Substitution of Counsel" for which no citation, document, or exhibit is provided (*see id.*); (2) an October 1, 2014 motion for exemption revealing Officer Jackson's counsel to be Steven Sunday and Schlachman, Belsky & Weiner, P.A. (ECF No. 35-18; Dkt. No. 409); and (3) a transcript of a June 30, 2015 deposition of Officer Jackson revealing his counsel to be Matthew Emmick and the firm Schlachman, Belsky & Weiner, P.A. (ECF No. 14-1).  According to Plaintiffs, attorneys Karp and Shearer represent the County and no longer represent Officer Jackson, and thus cannot consent on his behalf.[5]  (ECF

---

[5] Some district court cases within the Fourth Circuit appear to adopt the more wooden independent-and-unambiguous consent rule.  That is, the "'rule of unanimity' requires that each defendant 'register to the Court its official and unambiguous consent to a removal petition filed by a co-defendant.'" *Creed*, 596 F. Supp. 2d at 934 (citing *Stonewall Jackson Mem'l Hosp. v.*

15

No. 14, at 4 ("Mr. Karp and Ms. Shearer clearly do not, and cannot, represent [Officer] Jackson at this point.  Thus, their purported consent to removal on his behalf is simply inaccurate and ineffective."); ECF No. 41, at 1).  In its response in opposition, the County only argues that "if [Officer] Jackson's consent had been required, it was given."  (ECF No. 38, at 1).  The County's filings are signed by Mr. Karp and Ms. Shearer, who do not assert that they or Karpinski, Colaresi & Karp, P.A. also represent Officer Jackson.

In cases involving multiple defendants, the Fourth Circuit does not require that "each of the defendants sign the notice of removal or file a separate notice of removal complying with § 1446(b)."  *Mayo v. Bd. of Educ. of Prince George's Cnty.*, 713 F.3d 735, 742 (4th Cir. 2013); *see Easter-Greene v. Verizon Maryland, LLC*, No. MJG-14-1040, 2014 WL 3723228, at *3 (D.Md. July 23, 2014) (granting a motion to remand because "the Notice of Removal lacks any statement of concurrence or other

---

*Am. United Life Ins. Co.*, 963 F.Supp. 553, 558 (N.D.W.Va. 1997)).

16

unambiguous representation that all Defendants consented to removal").[6]  The Fourth Circuit reasoned in *Mayo*:

> Moreover, we can see no policy reason why removal in a multiple-defendant case cannot be accomplished by the filing of one paper signed by at least one attorney, representing that all defendants have consented to the removal.  It is true that such a procedure does not include the signature of an attorney representing each defendant.  But that does not suggest that the nonsigning attorneys for the defendants lack accountability to the court when they will be before the court within days of the removal, signing papers and otherwise performing as officers of the court.  Indeed, in this case, the Union did file papers early on, signed by its attorney, indicating that it had consented to the removal.  The practice of having one attorney represent to the court the position

---

[6] Other district courts have remanded cases based on a defendant's procedurally defective method of consenting to a co-defendant's notice of removal.  For example, courts have held that a defendant's filing of a notice of removal that merely notes that a co-defendant consents to removal, without more, is insufficient to show consent.  *See Berrios v. Our Lady of Mercy Med. Ctr.*, 1999 WL 92269, at *3 (S.D.N.Y. Feb. 19, 1999) ("In this case, since it is uncontested that no one communicated to the court prior to the expiration of the thirty day period that [the defendant] had consented to the removal, removal is defective."); *see also DiChiara v. RDM*, 2009 WL 1351640, at *4 (D.Mass. Jan. 13, 2009) (remanding the action due to a defendant's failure to "independently notify the court of its consent" when the notice of removal merely "indicated that the [co-defendant] consented"); *West v. 3M Co.*, 2006 WL 287973 (S.D.Tex. Feb. 6, 2006) ("[T]here must be some timely filed written document from each served Defendant, or its authorized representative, indicating that the Defendant has consented to removal.").

17

>of other parties in the case, with the intent that the court act on such representation, is quite common. The courts often receive motions representing that the opposing party consents to the motion, and courts have not traditionally required the other party to file a separate paper confirming that consent. Were there to be a misrepresentation by an attorney signing a paper, falsely stating that another defendant consented to removal, the other defendant "would [no doubt] have brought this misrepresentation to the court's attention and it would have been within the district court's power to impose appropriate sanctions, including a remand to state court." *Harper*, 392 F.3d at 202. And those "appropriate sanctions" would surely include the sanctions authorized by Rule 11, which are explicitly available when an attorney misrepresents the evidentiary basis for a "factual contention." *See* Fed.R.Civ.P. 11(b)-(c).

713 F.3d at 742. Thus, the Fourth Circuit concluded that "a notice of removal signed and filed by an attorney for one defendant representing unambiguously that the other defendants consent to the removal satisfies the requirement of unanimous consent for purposes of removal." *Id.* In *Mayo*, however, the nonconsenting party did adequately consent by filing signed papers within one week of the notice of removal. *Id.* at 739; *see also Anne Arundel Cnty., Md. v. United Pac. Ins. Co.*, 905 F.Supp. 277, 279 (D.Md. 1995) (remanding the case to state court because the co-defendant failed to file notice joining in or

consenting to the defendant's removal petition within 30 days, even though the defendant stated "upon information and belief" that the co-defendant did not object to petition for removal).

At the hearing, counsel for the County acknowledged that neither she nor anyone else in her firm represented Officer Jackson on July 15, 2015, when the notice of removal was filed and she could not proffer what the basis for reciting his consent was. The notice of removal did not state that counsel for Officer Jackson, or Officer Jackson himself, consented. Rather, the notice cryptically and ambiguously recites that he consents "*by undersigned counsel* to removal." (ECF No. 1 ¶ 6 (emphasis added)). But that counsel did not represent him. Officer Jackson has made no appearance in the case since removal and no other attorney has appeared on his behalf. The conclusion is inescapable that he did not, in fact, timely consent to removal, nor did anyone with authority to consent on his behalf do so.

### III. Conclusion

Accordingly, the County did not remove this action properly. Without the effective consent of Officer Jackson,

19

removal is not proper and Plaintiffs' motion to remand will be granted.

                        _____/s/_____
                        DEBORAH K. CHASANOW
                        United States District Judge